IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN ALAN BENOIT, | : | Civil No. 1:21-CV-00559 |
| Petitioner, | : | |
| v. | : | |
| J.L. JAMISON, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Ryan Alan Benoit ("Petitioner"), an inmate currently confined in the Federal Correctional Institute McKean in Bradford, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges prison disciplinary actions he received while confined at the Federal Correctional Institution, Allenwood, ("FCI-Allenwood"), White Deer Pennsylvania. *Id*. For relief, Petitioner seeks the following: (1) the § 224 assault removed from his history; and (2) the return of 27 days of good conduct time. (*Id*.) For the reasons that follow, the court will deny the petition for writ of habeas corpus.

### BACKGROUND

An incident took place on March 1, 2017, while Petitioner was held at the Oklahoma Transfer Facility in Oklahoma City, Oklahoma, resulting in Petitioner being charged with assaulting staff and attempted disposing of an item during a

1

search. (Doc. 15-1, pp. 9–10.)[1] On April 7, 2017, the United Manager sent a memorandum requesting an extension of the Unit Disciplinary Committee ("UDC") hearing to the Warden explaining that the incident was under investigation by the FBI. (*Id.*, p. 18.) This was approved by the Warden. (*Id.*) Following the FBI investigation, an incident report was delivered to Petitioner on April 5, 2017. (*Id.*, p. 14.) On April 18, 2017, a UDC meeting was held and the matter was referred to the Discipline Hearing Officer ("DHO") for further hearing. (*Id.*) Petitioner waived his right to have a staff representative and to call witnesses. (*Id.*, p. 16.)

A DHO hearing was held on April 25, 2017, during which Petitioner was advised of his rights before the DHO and, again, waived his right to a staff representative and waived the postponement of the hearing. (*Id.*, pp. 9.) Petitioner disputed the veracity of the report. (*Id.*) The DHO found that Petitioner had committed the prohibited act and sanctioned him by disallowing 27 days of good conduct time, seven days disciplinary segregation, and loss of phone for four months. (*Id.*, p. 12.) The DHO report was completed on August 8, 2017, including his appeal rights, and delivered to Petitioner. (*Id.*, pp. 9–13.)

Petitioner then proceeded to appeal the DHO report, and his appeal was denied. (Doc. 1, pp. 2–3.) He filed the instant petition in March of 2021. (Doc.

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1.) Respondent filed a response on August 31, 2021. (Doc. 15.) Petitioner did not file a traverse. The court will now address the petition.

## DISCUSSION

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id*. Since Petitioner's sanctions did include the loss of good conduct time, Petitioner has identified a liberty interest in this matter.

In *Wolff*, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the

fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67.

The Bureau of Prisons has enacted specific procedures for disciplinary proceedings. 28 C.F.R. § 541.1, *et seq.* Under these procedures, a staff member charges a prisoner with committing a prohibited act by issuing an incident report. 28 C.F.R. § 541.5(a). The incident report ordinarily must be issued within 24 hours of the time the staff member became aware of the prisoner's involvement in the incident. *Id*. The incident is then investigated. *Id*. at § 541.5(b).

After the incident is investigated, the UDC reviews the incident report and takes one of the following actions: 1) finds that the prisoner committed the prohibited act charged and/or a similar prohibited act as reflected in the incident report; 2) finds that the prisoner did not commit the prohibited act charged; or 3) refers the incident report to the DHO for further review. *Id*. at § 541.7(a). Prohibited acts are separated into four categories based on severity: Greatest, High, Moderate, and Low. *Id*. at § 541.3(a). If a prisoner is charged with a prohibited act in the Greatest or High category, the UDC automatically refers the incident report to the DHO for further review. *Id*. at § 541.7(a)(4).

Under the regulations, when an incident report is referred to the DHO, a disciplinary hearing is conducted in accordance with the procedures set forth at 28 C.F.R. § 541.8. The prisoner is entitled to notice of the charges at least 24 hours

before the hearing.  *Id*. at § 541.8(c).  The prisoner is entitled to appear at the hearing and is entitled to staff representation at the hearing.  *Id*. at § 541.8(d) & (e).  The prisoner is entitled to make a statement and to present documentary evidence.  *Id*. at § 541.8(f).  A prisoner may request to have witnesses appear at the hearing on his behalf, but the DHO may refuse to call requested witnesses if they are not reasonably available, if their presence would jeopardize institutional security, or if they would present repetitive evidence.  *Id*.  The DHO considers all evidence presented at the hearing.  *Id*.  The decision of the DHO must be based on at least some facts and, if there is conflicting evidence, the decision must be based on the greater weight of the evidence.  *Id*.  Following the hearing, the DHO must provide a written report documenting that the prisoner was advised of his rights.  *Id*. at § 541.8(h).  The report must document the evidence relied upon by the DHO, the findings of the DHO, the sanctions imposed by the DHO, and the reasons of the DHO for imposing those sanctions.  *Id*.

In the instant case it is clear from the record that Petitioner was afforded all of the required procedural rights set forth in Bureau of Prison's ("BOP") procedure.  He was provided notice of a discipline hearing before the DHO on April 18, 2017.  (Doc. 15-1, p. 16.)  The hearing was held on April 25, 2017, and Petitioner appeared.  (*Id*., pp. 9–12.)  He declined representation by a staff member.  (*Id*., p. 9.)  Petitioner alleges that he requested to call his cellmate as a

5

witness, but was denied. (Doc. 1.) However, the documents from the BOP show that he refused the opportunity to call a witness. (Doc. 15-1, p. 9.)

Petitioner also asserts that he was denied those procedural rights set forth in *Wolff* because he did not receive an incident report within 24 hours. (Doc. 1, p. 7.) BOP procedure also reflects the need for notice within 24 hours. Respondent cites to 28 C.F.R. § 541.15(a). (Doc. 15, p. 10 citing 28 C.F.R. § 541.15(a) (repealed 2023)). However, in this most recent version of the Federal Regulations, the rule is codified at 28 C.F.R. § 541.5(a): "A staff member will issue you an incident report describing the incident and the prohibited act(s) you are charged with committing. You will *ordinarily* receive the incident report within 24 hours of staff becoming aware of your involvement in the incident." (emphasis added.) The Third Circuit has clearly stated that "even if these regulations were violated, [Petitioner] cannot show that his right to due process was infringed, where *Wolff* does not require issuance of the charge within 24 hours of the incident or a hearing within three days of the alleged conduct, and where any delay did not prejudice him." *Wallace v. Federal Detention Center*, 528 Fed. Appx. 160, 162–63 *citing Wilson v. Ashcroft,* 350 F.3d 377, 381 (3d Cir. 2003) (holding, in the immigration context, that "there would be no due process violation in the absence of prejudice").

Petitioner received written notice of the disciplinary charges at least twenty-four hours prior to his hearing; he appeared at the hearing and made statements

refuting the charges; he was given the right to a staff representative, an opportunity to present witnesses and provide documentary evidence; and he was given written statements explaining the DHO's decision in both hearings. (Doc. 15-1, pp. 9–13.) He has failed to establish any prejudice resulting from the delay in receiving notice within 24-hours of the incident. Therefore, his due process rights were not violated. The § 2241 petition will be dismissed.

## Conclusion

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus.

A separate order will be issued.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: June 21, 2023